1  Charles C.H. Wu, SBN 166756
      cchwu@wclawyers.com
2  Vikram M. Reddy, SBN 228515
      vreddy@wclawyers.com
3  Elena N. Sandell, SBN 333153
      esandell@wclawyers.com
4  **WU & REDDY, A PROF. CORP.**
   98 Discovery
5  Irvine, California 92618-3105
   Telephone: (949) 251-0111
6
   Attorneys for plaintiff Hsiao & Montano, Inc.
7  dba Odyssey Innovative Designs

8
                    **UNITED STATES DISTRICT COURT**
9
          **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISON**
10

11 | HSIAO & MONTANO, INC., a California corporation doing business as ODYSSEY INNOVATIVE DESIGNS,

12

13 |              Plaintiff,

14 |                 vs.

15 | XSTATIC PRO INC., a New York
16 | corporation doing business as XSTATIC PRO
   | LIGHTING doing business as PRO X doing
17 | business as PROX doing business as PRO X
   | DIRECT doing business as PROX DIRECT
18 | doing business as PRO X CASES doing
   | business as PROX CASES; GIBOR USA, a
19 | business entity of unknown form doing
   | business as GIBOR MENA; PEDRAM
20 | MONASHERI, an individual also known as
   | PEDRAM GABRIEL MONASHERI also
21 | known as MICHAEL MONASHERI also
   | known as GABRIEL MENASHE; MICHAEL
22 | MONASHERI, an individual; SAM
   | MANSHARY, an individual; GABRIEL
23 | MENASHE, an individual also known as
   | GABI MENASHE also known as GABRIEL
24 | MENA also known as GABI MENA also
   | known as GIBOR MENA; and DOES 1
25 | through 10, inclusive,

26 |              Defendants.

27

28

CASE NO.

**COMPLAINT FOR:**

(1) **BREACH OF AGREEMENT AND VIOLATION OF STIPULATED PERMANENT INJUNCTION AND ORDER THEREON;**
(2) **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**
(3) **FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a));**
(4) **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**
(5) **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.* AND 17500; AND**
(6) **TRADEMARK INFRINGEMENT UNDER STATE COMMON LAW**

**DEMAND FOR JURY TRIAL**

1

**COMPLAINT**

1    COMES NOW Plaintiff HSIAO & MONTANO, INC., a California corporation, doing

2  business as ODYSSEY INNOVATIVE DESIGNS, by its undersigned attorneys, hereby alleges

3  against defendants XSTATIC PRO, INC., a New York corporation d.b.a. XSTATIC PRO

4  LIGHTING d.b.a. PRO X d.b.a. PROX d.b.a. PRO X DIRECT d.b.a. PROX DIRECT d.b.a. PRO

5  X CASES d.b.a. PROX CASES; GIBOR USA d.b.a. GIBOR MENA, a business entity of unknown

6  form; PEDRAM MONASHERI a.k.a. PEDRAM GABRIEL MONASHERI a.k.a. MICHAEL

7  MONASHERI a.k.a. GABRIEL MENASHE, an individual; MICHAEL MONASHERI, an

8  individual; SAM MANSHARY, an individual; GABRIEL MENASHE a.k.a. GABI MENASHE

9  a.k.a. GABRIEL MENA a.k.a. GABI MENA a.k.a. GIBOR MENA, an individual, (collectively

10  hereinafter, the "Defendants"), and Does 1 through 10, inclusive, and each of them as follows:

11

12                        **INTRODUCTORY ALLEGATIONS**

13    1.    Plaintiff HSIAO & MONTANO, INC., doing business as ODYSSEY

14  INNOVATIVE DESIGNS (hereinafter, "Plaintiff"), is a corporation organized and operating

15  under the laws of the State of California, and within the County of Los Angeles, State of California.

16    2.    Plaintiff is informed and believes and thereon alleges that defendant XSTATIC PRO,

17  INC. d.b.a. XSTATIC PRO LIGHTING d.b.a. PRO X d.b.a. PROX d.b.a. PRO X DIRECT d.b.a.

18  PROX DIRECT d.b.a. PRO X CASES d.b.a. PROX CASES (collectively hereinafter, "Defendant

19  Xstatic") is and at all times relevant was, a corporation organized and existing under the State of

20  New York, and has been doing business within the State of California, including but not limited to

21  promoting and selling its products within the State of California, maintaining multiple authorized

22  dealers in California whom promote and sell its products, and committing intentional acts expressly

23  aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendant Xstatic knows is

24  likely to be suffered in the forum jurisdiction.

25    3.    Plaintiff is informed and believes and thereon alleges that defendant GIBOR USA

26  d.b.a. GIBOR MENA (collectively hereinafter, "Defendant Gibor") is a business entity of

27  unknown form that is believed to have offices in Los Angeles, California and the State of New

28  York. Defendant Gibor has committed intentional acts expressly aimed at the forum jurisdiction

2

**COMPLAINT**

1  that have caused harm to Plaintiff that Defendant Gibor knows is likely to be suffered in the forum
2  jurisdiction.

3      4.      Plaintiff is informed and believes and thereon alleges that defendant Mr. PEDRAM
4  MONASHERI a.k.a. PEDRAM GABRIEL MONASHERI a.k.a. MICHAEL MONASHERI a.k.a.
5  GABRIEL MENASHE (hereinafter, "Defendant Monasheri"), is and at all times relevant was, an
6  individual residing in the State of New York and/or California, and serves as an owner, shareholder,
7  officer and/or director of Defendant Xstatic and Defendant Gibor, and through said companies
8  conducts business within the State of California and through said companies has committed
9  intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that
10 Defendant Monasheri knows is likely to be suffered in the forum jurisdiction.

11     5.      Plaintiff is informed and believes and thereon alleges that defendant Mr. SAM
12 MANSHARY (hereinafter, "Defendant Manshary"), is and at all times relevant was, an individual
13 residing in the State of New York, and serves as an owner, shareholder, officer and/or director of
14 Defendant Xstatic and Defendant Gibor, and through said companies conducts business within the
15 State of California and through said companies has committed intentional acts expressly aimed at
16 the forum jurisdiction that have caused harm to Plaintiff that Defendant Manshary knows is likely
17 to be suffered in the forum jurisdiction.

18     6.      Plaintiff is informed and believes and thereon alleges that defendant Mr. GABRIEL
19 MENASHE a.k.a. GABI MENASHE a.k.a. GABRIEL MENA a.k.a. GABI MENA a.k.a. GIBOR
20 MENA (hereinafter, "Defendant Menashe"), is and at all times relevant, was an individual residing
21 in the State of New York, and serves as a general manager of Defendant Xstatic and an owner,
22 shareholder, officer and/or director of Defendant Gibor, and through said companies conducts
23 business within the State of California and through said companies has committed intentional acts
24 expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendant
25 Menashe knows is likely to be suffered in the forum jurisdiction.

26     7.      Plaintiff is informed and believes and thereon alleges that Defendant Monasheri and
27 Defendant Gibor maintain a residence or business address in Southern California, specifically at
28 1520 S. Beford St. (or Bedford St.), Los Angeles, California 90035. Said address is the address

**COMPLAINT**

1    provided by Defendant Monasheri and Defendant Gibor in connection with their registration of the
2    domain name www.Gibor.us.

3        8.    Plaintiff is informed and believes and thereon alleges that Defendants individually
4    and/or collectively own and operate the following domain names/websites: proxdirect.com,
5    proxcases.com, and vipproaudio.com.

6        9.    Plaintiff is ignorant of the true names and capacities of such defendants sued herein
7    as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.
8    Plaintiff will seek leave of this Court to amend this complaint to allege such true names and
9    capacities of said defendants as soon as they are ascertained.

10        10.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously
11    named defendants is responsible in some manner for the occurrences as herein alleged. Plaintiff's
12    injuries and damages as herein alleged were proximately caused by said defendants' acts.

13        11.    Plaintiff is informed and believes and thereon alleges that at all times mentioned
14    herein, Defendants, including Does 1 through 10, and each of them, were the agents, affiliates,
15    employees, officers, directors, mangers, principals, representatives, servants, alter-egos and/or co-
16    conspirators of each of the remaining defendants, and in doing the things hereinafter alleged were
17    acting within the course, scope, and purpose of said agency, affiliation, employment,
18    representation, service, position, alter-ego relationship and/or conspiracy and with the express
19    and/or implied permission, consent and ratification of each of the remaining defendants.

20        12.    All the named defendants and Does 1 through 10 are collectively referred to herein
21    as "Defendants."

22

23    **JURISDICTION AND VENUE**

24        13.    This Court has jurisdiction over this action under 15 U.S.C. § 1121; 28 U.S.C. §§
25    1338(a) and (b); 28 U.S.C. § 1367; under the Lanham Act of 1946 as amended (15 U.S.C. § 1051
26    *et seq.*), together with related claims under California State law.

27        14.    The Court has personal jurisdiction over Defendants and venue is proper in this
28    judicial district pursuant to the April 2015 Settlement Agreement and Mutual Release entered

**COMPLAINT**

**1** between the parties, which is at issue in this action, wherein Defendants consented to personal

**2** jurisdiction and venue in the United States District Court, Central District of California.

**3**     15.     The Court additionally has personal jurisdiction over Defendants and venue is proper

**4** in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendants are committing acts of

**5** trademark infringement and other wrongdoing in this judicial district, solicit and transact business

**6** using infringing marks within this judicial district, have committed intentional acts expressly aimed

**7** at the forum jurisdiction that have caused harm to Plaintiff that Defendants know are likely to be

**8** suffered in the forum jurisdiction, and/or are otherwise subject to the Court's personal jurisdiction,

**9** including, without limitation, one or more Defendants' physical presence and maintenance of an

**10** address in the forum jurisdiction.

**11**

**12**     **I.     FACTUAL BACKGROUND RE: PLAINTIFF'S SUBJECT TRADEMARKS**

**13**     16.     Since in or about the mid-1990's, Plaintiff has been engaged in the business of selling

**14** high quality disc jockey equipment and accessories.

**15**     17.     Plaintiff owns and has used the mark "ODYSSEY," containing U.S. Registration No.

**16** 2,674,302 (hereinafter, the "'302 Mark"), in connection with its products, including but not limited

**17** to its disc jockey cases and other music-related cases, since at least November 2000.

**18**     18.     Plaintiff owns and has used the mark "ODYSSEY," containing U.S. Registration No.

**19** 2,760,846 (hereinafter, the "'846 Mark"), in connection with its products, including but not limited

**20** to its disc jockey cases and other music-related cases, since at least January 1995.

**21**     19.     Plaintiff owns and has used the mark "ODYSSEY INNOVATIVE DESIGNS,"

**22** containing U.S. Registration No. 2,519,263 (hereinafter, the "'263 Mark"), in connection with its

**23** products, including but not limited to its disc jockey cases and other music-related cases, since at

**24** least January 1995.

**25**     20.     Plaintiff owns and has used the mark "ODYSSEYGEAR," containing U.S.

**26** Registration No. 4,570,650 (hereinafter, the "'650 Mark"), in connection with its products,

**27** including but not limited to its disc jockey cases and other music-related accessories, since at least

**28** October 2000.

**COMPLAINT**

21.     Plaintiff owns and has used the mark "FLIGHTREADY," containing U.S. Registration No. 3,470,156 (hereinafter, the "'156 Mark"), in connection with various types of cases, including but not limited to carrying cases, computer carrying cases, laptop carrying cases, since at least January 1, 2002.

22.     Plaintiff's '302 Mark, '846 Mark, '263 Mark, '650 Mark and '156 Mark are collectively referred to hereinafter as the "Odyssey Marks."

23.     Since at least 1995, Plaintiff has used and widely publicized one or more of its Odyssey Marks in connection with its products, including but not limited to its disc jockey cases and other music-related cases.

24.     Plaintiff has expended substantial time, money and efforts in promoting the Odyssey Marks, which include, but are not limited to marketing and advertising the Odyssey Marks in connection with Plaintiff's products and services via its product catalogs and Odyssey websites, including www.odysseygear.com.

25.     Plaintiff contends that purchasers and potential purchasers of its products and services associate the Odyssey Marks as originating from Plaintiff.

26.     As a result of said association by purchasers and potential purchasers, the Odyssey Marks represent business property and goodwill owned by Plaintiff.

## II.     DEFENDANTS' BAD ACTS

## A. PLAINTIFF'S 2014 TRADEMARK AND COPYRIGHT INFRINGEMENT LAWSUIT AGAINST ALL DEFENDANTS AND THE 2015 GLOBAL SETTLEMENT THEREOF

27.     On or about August 8, 2014, Plaintiff initiated a civil action against Defendants in this Court for, among other things, trademark infringement and unfair competition, Case No. 2:14-CV-06270-MWF (Ex)(hereinafter, the "2014 Lawsuit.")

28.     Among the trademark-related allegations set forth in the 2014 Lawsuit were that Defendants had misappropriated one or more of Plaintiff's Odyssey Marks and registered similar

**COMPLAINT**

1  domain names to Odyssey's and thereby redirected Internet users to Defendant Xstatic's competing

2  website: proxdirect.com.

3       29.     Plaintiff is informed and believes and thereon alleges, that Defendant Monasheri was

4  and is the President of Defendant XStatic, Defendant Manshary was and is the Vice President of

5  Defendant Xstatic, and Defendant Menashe was and is the General Manager of Defendant Xstatic.

6       30.     Plaintiff is informed and believes and thereon alleges, that Defendant Gibor was and

7  is the organizational registrant affiliated with the registration and administration of Defendant

8  Xstatic's proxdirect.com and proxcases.com domain names, among others.

9       31.     Plaintiff is informed and believes and thereon alleges, that Defendant Menashe was

10  and is the individual registrant affiliated with the registration and administration of Defendant

11  Xstatic's proxdirect.com and proxcases.com domain names and websites, respectively.

12       32.     In February 2015, Plaintiff and Defendants participated in a private mediation

13  wherein the parties globally resolved the 2014 Lawsuit. A true and correct copy of the executed

14  April 2015 long-form Settlement Agreement and Release between the Parties ("2015 Settlement

15  Agreement") is attached hereto and incorporated herein as **Exhibit "1."**

16       33.     In addition to promising to refrain from engaging in any future acts of infringement,

17  Defendants also acknowledged the validity and enforceability of the Odyssey Marks and Plaintiff's

18  ownership and rights therein, as well as the other trademarks owned by Plaintiff. (*See* **Exhibit "1,"**

19  at pg. 5 of Settlement Agreement, ¶ 10.)

20

21  **B. THE 2015 SETTLEMENT AGREEMENT INCLUDED A STIPULATION**

22      **FOR PERMANENT INJUNCTION (AND ORDER THEREON) WHEREBY**

23      **THE PARTIES AGREED NOT TO INFRINGE EACH OTHER'S**

24      **TRADEMARKS AND OTHER PROPRIETARY INFORMATION**

25       34.     Incorporated within the 2015 Settlement Agreement was a Stipulation for Permanent

26  Injunction ("2015 Permanent Injunction") whereby the Parties agreed not to: "infringe the others'

27  respective trademarks, domain names, and copyrights, including unregistered text and photographs

28  used on the Parties' respective websites, catalogs, brochures, and marketing materials", and that

**COMPLAINT**

"any violation of the Stipulated Permanent Injunction shall result in liquidated damages in the sum of $25,000 per violation." (*See* **Exhibit "1,"** at pg. 3 of Settlement Agreement, ¶ 5, at pgs. 19-36 of 51.)

35.     Among the Odyssey Marks Defendants promised not to infringe as part of the Stipulation for Permanent Injunction were Plaintiff's "ODYSSEY" (*i.e.,* the "'846 Mark"), and "FLIGHT READY" (*i.e.,* the "'156 Mark") trademarks. (*See* **Exhibit "1,"** table at pg. 28 of 51.)

36.     The Court Order approving the Joint Stipulation For Permanent Injunction in its entirety was executed and entered on April 9, 2015. (*See* **Exhibit "1,"** at pgs. 39-40 of 51.)

## C. DEFENDANTS HAVE BREACHED THE 2015 SETTLEMENT AGREEMENT TERMS AND IN CONTEMP OF THE 2015 PERMANENT INJUNCTION ORDER

37.     In or about early-to-mid 2020, approximately five (5) years after the 2015 Settlement Agreement was consummated between the parties, and despite the 2015 Permanent Injunction being in place, Plaintiff became aware that Defendants via their proxdirect.com website and other means had engaged in numerous acts infringing one or more of the Odyssey Marks, including without limitation Plaintiff's "ODYSSEY" (*i.e.,* the "'846 Mark"), and "FLIGHT READY" (*i.e.,* the "'156 Mark") trademarks.

38.     After conducting an investigation and analysis of the extent of the misappropriation and infringement, Plaintiff discovered no less than 100 URL's (Uniform Resource Locator) accessible from the proxdirect.com website were utilizing and misappropriating Plaintiff's "ODYSSEY" and/or "FLIGHT READY" trademarks either on the front-end (for the public to view) of the proxdirect.com website or the back end (for example, the metadata, source code) of the proxdirect.com website.

39.     For example, many of the 100-plus infringing URL's from the proxdirect.com website utilized Plaintiff's "ODYSSEY" and/or "FLIGHT READY" trademarks as part of keyword metatags embedded in the source code, which among other things, are designed to affect search results by Internet users to divert the public to Defendants' proxdirect.com website.

40.     Examples of Defendants misappropriating Plaintiff's "ODYSSEY" trademark as a

8

**COMPLAINT**

1  keyword metatag on the proxdirect.com website are attached hereto and incorporated herein as

2  **Exhibits "2-3,"** respectively.

3      41.    Examples of Defendants misappropriating Plaintiff's "FLIGHT READY" trademark

4  as a keyword metatag on the proxdirect.com website are attached hereto and incorporated herein

5  as **Exhibits "4-5,"** respectively.

6      42.    Examples of Defendants misappropriating Plaintiff's "FLIGHT READY" trademark

7  directly on the proxdirect.com website for the general public to view are attached hereto and

8  incorporated herein as **Exhibits "6-7,"** respectively.

9      43.    Another example of Defendants misappropriating Plaintiff's "ODYSSEY"

10  trademark is shown in a proxdirect.com URL containing an embedded .JPG file purportedly

11  displaying a ProX product case while having a print header and footer containing the term:

12  "Odyssey Stuff," a true and correct copy of which is attached hereto and incorporated herein as

13  **Exhibit "8."**

14      44.    Other example instances of Defendants' misappropriation of one or more of

15  Plaintiff's Odyssey Marks include unauthorized product listings containing Plaintiff's

16  "ODYSSEY" trademark on Defendants' sister website viproaudio.com (*see e.g.,* **Exhibit "9"**

17  attached hereto and incorporated herein), and unauthorized product listings on the amazon.com

18  platform via the merchant "VIP PRO AUDIO" (*see e.g.,* **Exhibit "10"** attached hereto and

19  incorporated herein).

20      45.    Plaintiff did not give permission to or otherwise authorize Defendants to engage in

21  the aforementioned activities, all of which utilize one or more of its registered Odyssey Marks.

22      46.    Defendants have engaged in such activities knowing that they do not have the legal

23  right to do so and in complete disregard of Plaintiff's rights, the 2015 Settlement Agreement, as

24  well as the 2015 Permanent Injunction.

25      47.    As a result, on or about October 22, 2020, Plaintiff issued a letter to Defendants

26  putting them on notice of their infringing activities constituting a breach of the 2015 Settlement

27  Agreement, and violation of the 2015 Permanent Injunction and Order thereon, and demanded

28  Defendants comply with the "Future Disputes" provision set forth in the 2015 Settlement

9

**COMPLAINT**

1  Agreement, described further below. A true and correct copy of Plaintiff's October 22, 2020 letter

2  to Defendants (less sub-exhibits) is attached hereto and incorporated herein as **Exhibit "11."**

3
4  **D. THE 2015 SETTLEMENT AGREEMENT HAD A "FUTURE DISPUTES"**
   **PROVISION THAT ENTITLED PLAINTIFF TO INITIATE A CIVIL COURT**
5  **ACTION IF MEDIATION AND/OR ARBITRATION WAS NOT FEASIBLE**
6

7      48.     Also incorporated within the 2015 Settlement Agreement was a "Future Disputes"

8  clause which indicated that the parties would attempt to first resolve any future disputes via Mr.

9  Michael Diliberto, the mediator used to settle the 2014 Lawsuit (whether informally, or via

10 mediation, arbitration, etc.), and if Mr. Diliberto was not able or willing, then the parties may utilize

11 the United States District Court, Central District of California to resolve any such dispute(s). (*See*

12 **Exhibit "1,"** at pg. 6 of Settlement Agreement, ¶ 16.)

13     49.     Pursuant thereto, the parties agreed in or about late 2020/early 2021 to proceed with

14 private arbitration utilizing Mr. Michael Diliberto as the arbitrator, and entered into a fully executed

15 Stipulation for Arbitration confirming same. A true and correct copy of the January 21, 2021

16 finalized Stipulation for Arbitration, fully executed by the parties and Mr. Michael Diliberto, is

17 attached hereto and incorporated herein as **Exhibit "12."**

18     50.     Notwithstanding the Stipulation for Arbitration agreement, Defendants' then counsel

19 withdrew their representation and despite being given several months by the arbitrator Mr.

20 Diliberto, Defendants elected not to retain new counsel and did not cooperate with commencing

21 the arbitration, including providing their respective contact information.

22     51.     As a result of Defendants' inaction and delays, on May 27, 2021, the arbitration

23 service ADR Services, Inc. (on behalf of arbitrator Mr. Michael Diliberto) issued a correspondence

24 confirming that arbitration could not go forward and that pursuant to the 2015 Settlement

25 Agreement the matter was now ripe for the parties to utilize the United States District Court,

26 Central District of California, to resolve the current dispute. A true and correct copy of the May

27 27, 2021 correspondence from ADR Services, Inc. (on behalf of arbitrator Mr. Michael Diliberto)

28 is attached hereto and incorporated herein as **Exhibit "13."**

## COUNT I

## BREACH OF AGREEMENT AND VIOLATION OF
## STIPULATED PERMANENT INJUNCTION AND ORDER THEREON
### (AGAINST ALL DEFENDANTS AND DOES 1-10)

52.     Plaintiff realleges and incorporates by reference each and all of the allegations, matters and facts contained in Paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53.     In February 2015, Plaintiff and Defendants participated in a private mediation wherein the parties globally resolved the 2014 Lawsuit and subsequently entered into the 2015 Settlement Agreement (*see* **Exhibit "1"** attached hereto.)

54.     As part of the 2015 Settlement Agreement, in addition to promising to refrain from any future acts of infringement of Plaintiff's Odyssey Marks, Defendants also acknowledged the validity and enforceability of the Odyssey Marks and Plaintiff's ownership and rights therein. (*See* **Exhibit "1,"** at pg. 5 of Settlement Agreement, ¶ 10.)

55.     Incorporated within the 2015 Settlement Agreement was the 2015 Permanent Injunction whereby Defendants agreed not to: "infringe the others' respective trademarks, domain names, and copyrights, including unregistered text and photographs used on the Parties' respective websites, catalogs, brochures, and marketing materials", and that "any violation of the Stipulated Permanent Injunction shall result in liquidated damages in the sum of $25,000 per violation." (*See* **Exhibit "1,"** at pg. 3 of Settlement Agreement, ¶ 5, at pgs. 19-36 of 51.)

56.     Among the Odyssey Marks Defendants promised not to infringe as part of the Stipulation for Permanent Injunction were Plaintiff's "ODYSSEY" (*i.e.,* the "'846 Mark"), and "FLIGHT READY" (*i.e.,* the "'156 Mark") trademarks. (*See* **Exhibit "1,"** table at pg. 28 of 51.)

57.     The Court Order approving the Joint Stipulation For Permanent Injunction in its entirety was executed and entered on April 9, 2015. (*See* **Exhibit "1,"** at pgs. 39-40 of 51.)

58.     Plaintiff complied with all of its obligations pursuant to the 2015 Settlement Agreement and 2015 Permanent Injunction and performed all of the terms and conditions on its part to be performed.

**COMPLAINT**

59.     For the foregoing reasons, Defendants and Does 1 through 10, inclusive, breached their obligations pursuant to the 2015 Settlement Agreement and violated the 2015 Permanent Injunction and Order thereon by failing to perform all of the terms and conditions required on their parts to be performed.

60.     Plaintiff is informed and believes and thereon alleges that Defendants and Does 1 through 10, inclusive, breached the 2015 Settlement Agreement and violated the 2015 Permanent Injunction and Order thereon no less than 105 to 110 separate times.

61.     Pursuant to the liquidated damages provisions of the 2015 Settlement Agreement and 2015 Permanent Injunction and Order, the breaches of the 2015 Settlement Agreement and 2015 Permanent Injunction and Order thereon by Defendants and Does 1 through 10, inclusive, entitle Plaintiff to liquidated principal damages in the amount of $25,000 per each violation.

62.     As a direct and proximate result of the breaches of the 2015 Settlement Agreement and 2015 Permanent Injunction and Order thereon by Defendants and Does 1 through 10, inclusive, Plaintiff has been damaged in an amount to be determined at trial, together with the maximum legal rate of interest, as well as Plaintiff's costs and reasonable attorneys' fees incurred in prosecuting this action.

## COUNT II
## VIOLATION OF THE LANHAM ACT-FEDERAL
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
## (AGAINST ALL DEFENDANTS AND DOES 1-10)

63.     Plaintiff realleges and incorporates by reference each and all of the allegations, matters and facts contained in Paragraphs 1 through 62, inclusive, of this Complaint as though fully set forth herein.

64.     Since at least 1995, Plaintiff has used and widely publicized its Odyssey Marks in connection with its products, including but not limited to its disc jockey cases and other music-related cases.

65.     Plaintiff's Odyssey Marks are nationally recognized as being affixed to goods of the

12
**COMPLAINT**

highest quality and as originating from Plaintiff.

66.     The unauthorized usages of Plaintiff's Odyssey Marks as described herein by Defendants and Does 1 through 10, inclusive, are likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendants' products and services with those of Plaintiff.

67.     Said confusion, deception and/or mistake includes, without limitation, confusion, deception and/or mistake as to any affiliation Defendants' products, domain names, and websites have with Plaintiff's products, domain names/websites.

68.     Said confusion, deception and/or mistake includes, without limitation, Defendants' diversion of sales and Internet web traffic and users away from Plaintiff and towards Defendants' proxdirect.com website.

69.     The unauthorized use of Plaintiff's Odyssey Marks by Defendants and Does 1 through 10, inclusive, are in total disregard of Plaintiff's right to control its own trademarks.

70.     There is no plausible or justifiable reason why Defendants and Does 1 through 10, inclusive, would commit such acts other than to improperly benefit from the goodwill Plaintiff has achieved in its Odyssey Marks.

71.     The acts of Defendants and Does 1 through 10, inclusive, are deliberate and intended to confuse and deceive the public as to the source, origin and identity of Defendants' goods and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with its Odyssey Marks, and to divert sales and Internet web traffic and users away from Plaintiff. Defendants' actions thus constitute willful infringement of Plaintiff's Odyssey Marks.

72.     By reason of the foregoing acts, Defendants and Does 1 through 10, inclusive, are liable to Plaintiff for trademark infringement of Plaintiff's Odyssey Marks under 15 U.S.C. § 1114.

73.     As a direct and proximate result of the willful and unlawful conduct by Defendants and Does 1 through 10, inclusive, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless they are further restrained by this Court from infringing Plaintiff's Odyssey Marks.

74.     Plaintiff has no adequate remedy at law and unless further enjoined by the Court,

13

**COMPLAINT**

1    Defendants and Does 1 through 10, inclusive, shall continue to do the acts complained of herein

2    and cause irreparable damage and injury to Plaintiff.

3         75.    Plaintiff has been damaged by the acts of Defendants and Does 1 through 10,

4    inclusive, in an amount currently unknown and to be determined at trial; notwithstanding, in light

5    of the foregoing, Plaintiff is entitled to further injunctive relief prohibiting Defendants from using

6    Plaintiff's Odyssey Marks for any purpose, and to recover from Defendants all damages that

7    Plaintiff has sustained and will sustain as a result of such infringing acts; all of Defendants' ill-

8    gotten proceeds including a disgorgement of their profits, all the costs of this action pursuant to 15

9    U.S.C. §1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or

10   statutory damages pursuant to 15 U.S.C. §1117(c).

11        76.    In doing the acts hereinabove alleged, Defendants and Does 1 through 10, inclusive

12   acted with oppression, fraud and malice, without any justification or privilege whatsoever such

13   that Plaintiff is also entitled to punitive damages according to proof at trial.

14

15                                    **COUNT III**

16            **FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125**

17                **(AGAINST ALL DEFENDANTS AND DOES 1-10)**

18        77.    Plaintiff realleges and incorporates by reference each and all of the allegations,

19   matters and facts contained in Paragraphs 1 through 76, inclusive, of this Complaint as though fully

20   set forth herein.

21        78.    Plaintiff has acquired exclusive and protectable rights in its Odyssey Marks,

22   including without limitation, its "ODYSSEY" (*i.e.,* the "'846 Mark"), and "FLIGHT READY"

23   (*i.e.,* the "'156 Mark") trademarks. By the acts set forth above, Defendants and Does 1 through 10,

24   inclusive, are violating Lanham Act § 43(a), 15 U.S.C. § 1125(a-c) and are unfairly competing

25   with Plaintiff.

26        79.    Such conduct indicates Defendants' intention to and to divert sales and Internet web

27   traffic and users away from Plaintiff and towards Defendants' proxdirect.com website and create

28   a false impression of a relationship or association between Plaintiff, Plaintiff's Odyssey Marks and

14

**COMPLAINT**

1  Defendants and/or their respective goods and services.

2        80.    These acts of unfair competition by Defendants and Does 1 through 10, inclusive,

3  fall within the meaning of Title 15 of the United States Code, Section 1125(a-c), as well as other

4  provisions of the United States Code, and were done to divert and secure to Defendants the profits

5  arising from Plaintiff's goodwill and have damaged Plaintiff in an amount to be determined at trial

6  but no less than that provided for in 15 U.S.C. §§1114 and 1117, exclusive of pre-judgment interest

7  and costs.

8        81.    In doing the acts hereinabove alleged, Defendants and Does 1 through 10, inclusive,

9  acted with oppression, fraud and malice, without any justification or privilege whatsoever such

10  that Plaintiff is also entitled to punitive damages according to proof at trial.

11

12

13  **COUNT IV**

**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125**

14  **(AGAINST ALL DEFENDANTS AND DOES 1-10)**

15        82.    Plaintiff realleges and incorporates by reference each and all of the allegations,

16  matters and facts contained in Paragraphs 1 through 81, inclusive, of this Complaint as though fully

17  set forth herein.

18        83.    The unauthorized usages of Plaintiff's Odyssey Marks by Defendants and Does 1

19  through 10, inclusive, including without limitation, Plaintiff's "ODYSSEY" (*i.e.,* the "'846

20  Mark"), and "FLIGHT READY" (*i.e.,* the "'156 Mark") trademarks, are likely to cause confusion,

21  mistake or deception as to the source, affiliation, connection or association of Defendants' products

22  and services with those of Plaintiff, leading to Plaintiff's irreparable injury.

23        84.    The unauthorized usages of Plaintiff's Odyssey Marks by Defendants and Does 1

24  through 10, inclusive, in interstate commerce and advertising relating to same constitute a false

25  designation of origin and a false representation that the goods are manufactured, offered,

26  sponsored, authorized, licensed by or otherwise connected with Plaintiff, or come from the same

27  source as Plaintiff's goods, or are of the same quality as that assured by Plaintiff's respective

28  Odyssey Marks, and constitute a violation of 15 U.S.C. § 1125(a).

**COMPLAINT**

85.     As a direct and proximate result of the wrongful conduct by Defendants and Does 1 through 10, inclusive, as hereinabove alleged, Plaintiff has been damaged in an amount to be determined at trial, including pre-judgment interest and costs.

86.     In doing the acts hereinabove alleged, Defendants and Does 1 through 10, inclusive, acted with oppression, fraud and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.

## COUNT V

## UNFAIR COMPETITION PURSUANT TO CALIFORNIA
## BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*
## (AGAINST ALL DEFENDANTS AND DOES 1-10)

87.     Plaintiff realleges and incorporates by reference each and all of the allegations, matters and facts contained in Paragraphs 1 through 86, inclusive, of this Complaint as though fully set forth herein.

88.     Defendants and Does 1 through 10, inclusive, have engaged in unlawful, unfair and/or fraudulent business practices while engaging in competition with Plaintiff in violation of the laws of the State of California under California Business & Professions Code § 17200 *et seq.*

89.     Upon information and belief, Plaintiff alleges that Defendants and Does 1 through 10, inclusive, profited and continue to profit from these unfair business practices and thus, were and continue to be unjustly enriched.

90.     The illegal, unlawful, fraudulent and/or unfair acts by Defendants and Does 1 through 10, inclusive, have irreparably injured Plaintiff in a manner not fully compensable through an award of money damages, and this irreparable injury will continue unless and until further enjoined by the Court.

91.     As a direct and proximate result of the wrongful conduct as hereinabove alleged by Defendants and Does 1 through 10, inclusive, Plaintiff has been damaged in an amount to be determined at trial, including pre-judgment interest and costs.

92.     Plaintiff is entitled to recover such additional damages and/or penalties, costs and

16

**COMPLAINT**

1    attorneys' fees as authorized by California Business & Professions Code § 17200 *et seq.*

2    93.    In doing the acts hereinabove alleged, Defendants and Does 1 through 10, inclusive,

3    acted with oppression, fraud and malice, without any justification or privilege whatsoever such

4    that Plaintiff is also entitled to punitive damages according to proof at trial.

## COUNT VI
## TRADEMARK INFRINGEMENT UNDER COMMON LAW
### (AGAINST ALL DEFENDANTS AND DOES 1-10)

94.    Plaintiff realleges and incorporates by reference each and all of the allegations, matters and facts contained in Paragraphs 1 through 93, inclusive, of this Complaint as though fully set forth herein.

95.    Plaintiff owns and enjoys common law rights in California and throughout the United States in and to its Odyssey Marks and in association with its disc jockey products, cases, and related accessories.

96.    The aforesaid acts of Defendants and Does 1 through 10, inclusive, constitute infringement of Plaintiff's Odyssey Marks, including without limitation, its "ODYSSEY" (*i.e.,* the "'846 Mark"), and "FLIGHT READY" (*i.e.,* the "'156 Mark") trademarks.

97.    The aforesaid acts of Defendants and Does 1 through 10, inclusive, were and have been willful, and have caused and will continue to cause great and irreparable injury to Plaintiff and, unless such acts are further restrained by this Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

98.    As a direct and proximate result of the wrongful conduct as hereinabove alleged by Defendants and Does 1 through 10, inclusive, Plaintiff has been damaged in an amount to be determined at trial, including pre-judgment interest and costs.

99.    In doing the acts hereinabove alleged, Defendants and Does 1 through 10, inclusive, acted with oppression, fraud and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.

**COMPLAINT**

WHEREFORE, Plaintiff requests a jury trial and prays for the following judgment against Defendants and Does 1 through 10, inclusive, on its Complaint:

**AS TO CLAIM 1**

1.      That Plaintiff be awarded principal damages in an amount to be proven at trial;

2.      That Plaintiff be awarded contractual liquidated damages due to Defendants' multiple breaches of the 2015 Settlement Agreement and multiple violations of the 2015 Permanent Injunction and Order thereon, in the amount of $25,000 per breach/violation;

3.      That Plaintiff be entitled to further permanent injunctive relief as needed to prevent further damage to it and to prohibit Defendants from committing further acts of trademark infringement and unfair competition;

4.      That Plaintiff be awarded maximum pre-judgment interest as allowed by law;

5.      That Plaintiff be awarded its costs of suit;

6.      That Plaintiff be awarded its attorney's fees incurred herein as a result of prosecuting Defendants breaches of the 2015 Settlement Agreement, and violations of the 2015 Permanent Injunction and Order thereon; and

7.      That the Court issue such other and further relief as the Court may deem just and proper.

**AS TO CLAIMS 2-6**

8.      That this case is an exceptional case and that Defendants' acts of trademark infringement and unfair competition were undertaken in bad faith;

9.      That the Court adjudge that the 2015 Permanent Injunction and Order thereon was violated by Defendants and Does 1 through 10, inclusive, and adjudge that the 2015 Permanent Injunction and Order thereon remain valid and binding;

10.     That Plaintiff be entitled to further permanent injunctive relief as needed and warranted in order to prevent further damage to Plaintiff and to prohibit Defendants from committing further acts of trademark infringement and unfair competition;

11.     That Plaintiff recover compensatory, general and special damages in a sum according

18

**COMPLAINT**

1 | to proof at the time of trial;

2 | 12.     That Plaintiff be awarded punitive and exemplary damages for Defendants' willful

3 | infringement of Plaintiff's Odyssey Marks and other unfair competition conduct;

4 | 13.     That Plaintiff be awarded treble damages pursuant to 15 U.S.C. §1117(b), and/or

5 | statutory damages pursuant to 15 U.S.C. §1117(c);

6 | 14.     That Plaintiff be awarded Defendants' ill-gotten proceeds including a disgorgement

7 | of their profits;

8 | 15.     That Plaintiff be awarded maximum pre-judgment interest as allowed by law;

9 | 16.     That Plaintiff be awarded its costs of suit;

10 | 17.     That Plaintiff be awarded its attorney's fees incurred herein; and

11 | 18.     That the Court issue such other and further relief as the Court may deem just and

12 | proper.

13 | Respectfully submitted,

14 | **WU & REDDY, A PROF. CORP.**

16 | Dated: July 2, 2021                                    By:   /s/ Vikram M. Reddy

Charles C.H. Wu, Esq.
Vikram M. Reddy, Esq.
Elena N. Sandell, Esq.
Attorneys for plaintiff Hsiao & Montano, Inc.
dba Odyssey Innovative Designs

19

**COMPLAINT**