1    BRYAN C. ALTMAN, ESQ. (SBN 122976)
     E-mail:  bryan@altmanlawgroup.net
2    **THE ALTMAN LAW GROUP**
     10990 Wilshire Blvd., Suite 220
3    Los Angeles, CA  90024
     Tel: (310) 277-8481    Fax: (310) 277-8483
4
     WILLIAM I. ROTHBARD, ESQ. (SBN 72447)
5    E-mail:  bill@rothbardlaw.com
     **LAW OFFICES OF WILLIAM I. ROTHBARD**
6    2708 Wilshire Blvd., Suite 428
     Santa Monica, CA  90403
7    Tel: (310) 453-8713

8
     Attorneys for Defendants
9    XSTATIC PRO INC. dba
     XSTATIC PRO LIGHTING dba
10   PRO X dba. PROX dba PRO X DIRECT dba
     PROX DIRECT dba PRO X CASES dba PROX CASES;
11   GIBOR USA dba GIBOR MENA; VIP AUDIO INC.
     SAM MANSHARY; PEDRAM MONASHERI aka PEDRAM GABRIEL
12   MONASHERI aka GABRIEL MENASHE aka GABI MENASHE aka GABRIEL
13   MENA aka GABI MENA aka GIBOR MENA; MICHAEL MONASHERI
     aka_MANSOUR MICHAEL MONASHERI, a.k.a. MIKE MONASHERI, a.k.a.
14   MICHAEL M. MONASHERI, a.k.a. MICHAEL MOHABER, a.k.a. MIKE
15   MOHABER, a.k.a. MICHAEL M. MONSHERI, a.k.a. MANSOUR R.
     MONASHERI, a.k.a. MANSOUR MONSHERI
16

17

18                    **UNITED STATES DISTRICT COURT**

19                    **CENTRAL DISTRICT OF CALIFORNIA**

20

21
     HSIAO & MONTANO, INC., a            Case No.  2:21-CV-05430
22   California corporation doing business
     as ODYSSEY INNOVATIVE           **DEFENDANTS GABRIEL
23   DESIGNS,                          MENASHE'S, MICHAEL
                                       MONASHERI'S AND SAM
24              Plaintiff,             MANSHARY'S RULE 12(b)(6)
                                       MOTION TO DISMISS
25   v.                               TRADEMARK INFRINGEMENT,
                                       FALSE DESIGNATION OF ORIGIN
26   XSTATIC PRO INC., a New York
     corporation doing business as
27   XSTATIC PRO LIGHTING doing
     business as PRO X doing business as
28   PROX doing business as PRO X

THE ALTMAN LAW
    GROUP
      &
ROTHBARD LAW

1  DIRECT doing business as PROX DIRECT doing business as PRO X
2  CASES doing business as PROX CASES; GIBOR USA a business entity
3  of unknown for doing business as GIBOR MENA; VIP AUDIO INC.;
4  PEDRAM MONASHERI, an individual also known as PEDRAM
5  GABRIEL MONASHERI also known as MICHAEL MONASHERI also
6  known as GABRIEL MENASHE; MICHAEL MONASHERI, an
7  individual also known as _____; SAM MANSHARY,
8  an individual; GABRIEL MENASHE, an individual also known as GABI
9  MENASHE also known as GABRIEL MENA also known as GABI MENA
10  also known as GIBOR MENA; and DOES 1 through 10, inclusive,

11                Defendants.

12

13

14  **AND UNFAIR COMPETITION CLAIMS**
   **Date:  July 18, 2022**
   **Time:    10:00 a.m.**
   **Courtroom: 5A**

Defendants PEDRAM MONASHERI aka PEDRAM GABRIEL MONASHERI aka

GABRIEL MENASHE aka GABI MENASHE aka GABRIEL MENA aka GABI

MENA aka GIBOR MENA, MICHAEL MONASHERI aka MANSOUR MICHAEL

MONASHERI, a.k.a. MIKE MONASHERI, a.k.a. MICHAEL M. MONASHERI,

a.k.a. MICHAEL MOHABER, a.k.a. MIKE MOHABER, a.k.a. MICHAEL M.

MONSHERI, a.k.a. MANSOUR R. MONASHERI, a.k.a. MANSOUR

MONSHERI , and SAM MANSHARY (collectively, "Individual Defendants" and

singly, "Menashe," "Monasheri" and Manshary ) submit their Motion to Dismiss all

trademark infringement, false designation of origin and unfair competition claims

against each of them in the First Amended Complaint ("FAC") of HSIAO &

MONTANO, INC. dba ODYSSEY INNOVATIVE DESIGNS, ("Plaintiff") as

follows:

## I.  **INTRODUCTION**

Defendants have met and conferred with Plaintiff's counsel multiple times pursuant to Local Rule 7-3 regarding the basis for this Rule 12(b)(6) motion to dismiss, which is that the FAC fails to allege the requisite facts to state causes of action for trademark infringement and unfair competition against Defendants Menashe, Monasheri and Manshary in their individual capacities.  Plaintiff disagrees, despite clear authority presented to its counsel at the meet and confer to support Defendants' contention that the FAC fails to allege the facts necessary to establish their personal liability under these causes of action.  Hence, the necessity for this motion.

Defendants Menashe and Manshary filed answers to the previous complaint but have not yet answered the FAC.  Defendant Monasheri is a new defendant, having been added by the FAC. Defendants Menashe and Manshary now join Defendant Monasheri in moving to dismiss the individual claims for trademark infringement and unfair competition levied against each by Plaintiff. Given that the claims against Menashe, Monasheri and Manshary share common facts and law in opposition, in the interest of judicial economy Defendants have elected to file a joint motion to dismiss addressing the individual claims against each.

## II. **ARGUMENT**

### A. **A Post-Answer Motion to Dismiss an Amended Complaint is Procedurally Proper.**

California district courts have ruled that a defendant who has previously answered a complaint may properly file a motion to dismiss to an amended complaint. See, e.g., *Miller v. Fuhu Inc*. 2015 U.S.Dist. LEXIS 59514, at *15-17 (C.D. Cal. May 4, 2015, No. 2:14-cv-06119-CAS(ASx)). District courts maintain the discretion to allow and rule upon post-answer motions to dismiss an amended complaint for the sake of judicial economy. *Miller v. Fuhu, supra*; *Fed. Agr.*

*Mortgage Corp*., 2005 U.S. Dist. LEXIS 40456, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005); *In re Morrison,* 421 B.R. at 386; *Brooks v. Harlon Rip Caswell,* 2016 U.S.Dist.LEXIS 26832, at *11 (D. Or. Mar. 2, 2016, No. 3:14-cv-01232-AC).

Alternatively, courts have treated motions to dismiss which otherwise may be deemed improper as a motion for judgment on the pleadings. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2013 WL 2239445, at *3 (N.D. Cal. May 21, 2013) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Defendants now timely move to dismiss the trademark infringement and unfair competition claims of the FAC against Menashe, Monasheri and Manshary individually for failure of the FAC to meet the pleading standard for personal liability under these causes of action.[1] Should the Court deem Defendants' motion as untimely or improper, they respectfully request the Court to treat it as a Rule 12(c) motion.

## B. Legal Standard for a Motion to Dismiss

The function of a Rule 12(b)(6) motion is to test the legal sufficiency of the claims stated in the complaint. The Court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337 (9th Cir. 1996); *Eichenberger v. ESPN, Inc*., 876 F.3d 979, 981 (9th Cir. 2017).

---

[1] These include the Second, Third, Fifth and Sixth Causes of Action, as well as the Fourth Cause of Action for false designation of origin, which is subject to the same pleading and proof requirements for personal liability as the others.

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

- 3 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT

A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (dismissal proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.")  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the question is whether the facts alleged, if true, would entitle the plaintiff to any form of relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Defendants Menache, Monasheri and Manshary assert that Plaintiff has not pled sufficient facts to impose personal liability upon them for trademark infringement and unfair competition. The FAC uses conclusory statements to aver that each is individually responsible solely due to their affiliation with their respective companies; Xstatic in the case of Menashe and Manshary, and VIP Audio in the case of Monasheri. There are no facts pled to demonstrate any personal liability. For example, reliance upon a conclusory allegation that a company website contains deep links[2] with an alleged trademarked term does not serve to impose individual liability upon them. There are no facts pled to show that any of them had any involvement at all with the creation, review, or posting of

---

[2] A deep link is a hyperlink to a specific hierarchal sub-page of a website rather than to the main page/main content of the site.

allegedly infringing URL links mentioned in Paragraphs 40 and 41 of the FAC, for example. There are no facts pled to indicate that any of these gentlemen even knew the links existed. Similarly, there are no facts pled to demonstrate that any of them played any role in the creation of metatags of any kind nor that any were involved in any way with any website coding of any purportedly infringing metatags as alleged in Paragraph 43 of the FAC.[3]  Similarly, there are no factual allegations that Menashe, Monasheri or Manshary individually played any part in the alleged infringement of Plaintiff's trademarks on the public-facing pages of their companies' websites.

Rather, Plaintiff merely jumps from allegations of Defendants' ownership or control of each respective company straight into the alleged end-facts of trademark infringement and unfair competition without any causal facts linking them **_personally_** in any way to the alleged acts underlying these causes of action.  Even if one overlooks obvious problems with the entirety of the FAC and simply assumes the allegations of infringement and unfair competition by the **_corporate_** defendants are true, that does not "create" any facts sufficient to impose personal liability upon

---

[3] Even if the individual defendants were personally involved with the alleged infringing URL links or metatags, liability still could not be pinned on them or the corporate defendants because these allegations, as pled, are insufficient to establish trademark infringement. To be an infringement signifying a website's source of origin, another's trademark must appear in the main URL domain, yet every link containing an Odyssey mark cited in the FAC is in a post-domain path, which does not indicate origin and is held to be a fair use.  See, e.g. *Patmont Motor Werks, Inc. v. Gateway Marine*, Inc., 1997 WL 811770 (N.D. Cal. 1997); *Interactive Products Corp. v. a2z Mobile Office Solutions*, 326 F.3d 687, 696 (6th Cir. 2003).  And the use of a mark in a hidden metatag is a nominative fair use unless the mark is used so repeatedly that it causes the website to regularly appear above the mark holder in searches for the trademarked term used in the metatag. *Playboy Enters., Inc. (PEI) v. Welles,* 279 F.3d 796, 804 n. 30 (9th Cir. 2002).  Plaintiff has pled zero facts indicating that it has been harmed in any way by Defendant's site out-ranking it for the search term "Odyssey." Its single conclusory statement that the alleged metatag "affects search results" is insufficient to establish such harm. FAC ¶ 41.

these three *individual* defendants for these causes of action nor does it give Plaintiff
a pass on proper pleading. Neither Menashe, Monasheri or Manshary can be held
individually responsible for alleged trademark infringement and unfair competition
simply because they own or work for a company that has similar allegations against
it. *Apogee v. Sugarfina, Inc*. 2021 U.S.Dist. LEXIS 199235, at *1 (C.D. Cal. Oct.
15, 2021, No. CV 18-5162-RSWL-Ex) (showing that an individual generally
controls a company's business affairs is insufficient by itself to establish personal
liability for trademark infringement.)

Without such facts, the FAC as a matter of law cannot sustain these causes of
action against Menashe, Monasheri or Manshary individually, and therefore must
be dismissed as to them.

**C. The FAC Fails to Support a Claim of Personal Liability for Trademark
Infringement Against Defendants Menashe, Monasheri and Manshary.**

Personal liability for trademark infringement can stem from either alter
ego liability or direct participation in the tort. (*Daimler Ag v. A Z Wheels LLC,* 2017
U.S. Dist. LEXIS 231381, at *6 (S.D.Cal. Nov. 27, 2017, No. 16-CV-875-JLS
(MDD)); see also *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823
(9th Cir. 1996). The alter ego theory is an equitable doctrine based on California
Civil Code 3528. *See Webber v. Inland Empire Invs.*, 74 Cal. App. 4th 884, 900
(Ct. App. 1999).

Under the alter ego doctrine, "where a corporation is used by an individual or
individuals, or by another corporation, to perpetrate fraud, circumvent a statute, or
accomplish some other wrongful or inequitable purpose, a court may disregard the
corporate entity and treat the corporation's acts as if they were done by the persons
actually controlling the corporation." *Id.*  The California Supreme Court has stated
that "the corporate form will be disregarded only in narrowly circumscribed
circumstances and only when the ends of justice so require." *Mesler v. Bragg*

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

- 6 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT

*Mgmt*. Co., 39 Cal. 3d 290, 294 (Cal. 1985). The FAC asserts no facts at all to support an alter ego theory of liability against Defendants. It therefore is unavailable as a basis for imposing personal liability for trademark infringement.

Plaintiff's claims of personal liability in this case must therefore rest on facts supporting direct or supervisorial involvement by any of the individual Defendants. However, personal liability of a corporate owner or officer for trademark infringement by a company requires more than merely pleading that he is an owner, officer or director. Participation in or authorization of the infringement must be pled and proved. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc*., 806 F.2d 1565, 1579 (Fed. Cir. 1986) ("[C]orporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement.") There must be facts showing or demonstrating that a corporate officer or director ***personally*** directed, authorized, or participated in the company's alleged infringing conduct. (*Comm. For Idaho's High Desert, Inc.* at 823.); see also *Transgo, Inc. v. Ajac Transmission Parts Corp*., 768 F.2d 1001, 1021 (9th Cir. 1985) ("The officer must personally take part in infringing activities or specifically direct employees to do so."). The FAC fails to do so.

Put another way, a corporate officer must be the "moving, active, conscious force" behind the corporation's infringement in order for personal liability to attach. *Talent Mobile Dev., Inc. v. Headios Grp*., 382 F.Supp.3d 953 (C.D. Cal. 2019) (quoting *Daimler AG v. A-Z Wheels LLC*, 334 F.Supp.3d 1087, 1096 (S.D. Cal. 2018)). This requires facts demonstrating that "an individual actively and knowingly caused the trademark infringement." *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp*., No. C-92-3330 DLJ, 1995 U.S. Dist. LEXIS 22676, 1995 WL 552168 (N.D. Cal. Aug. 30, 1995) *see also Apogee v. Sugarfina, Inc.*, 2021 U.S. Dist. LEXIS 199235 at *8-10.

Plaintiff has pled no specific facts of any kind that support any finding that
Menashe, Monasheri or Manshary might be personally liable for trademark
infringement. To the contrary, Plaintiff has merely stated each individual generally
owns or controls the company (see FAC ¶¶ 4-5, 7-8, 31) and then provides
examples of alleged infringement, without *any* facts tying them ***personally*** to the
alleged infringing acts. As one example, Plaintiff conclusory avers in Paragraph 39:

> that Defendants via their Proxdirect.com website and other means
> had engaged in numerous acts infringing one or more of the Odyssey
> Marks, including without limitation Plaintiff's "ODYSSEY" (i.e.,
> the "'846 Mark"), and "FLIGHT READY" (i.e., the "'156 Mark")
> trademarks.

and in Paragraph 41:

> "For example, many of the 100-plus infringing URL's from the
> Proxdirect.com website utilized Plaintiff's "ODYSSEY" and/or
> "FLIGHT READY" trademarks as part of keyword metatags
> embedded in the source code."

If the Court has any further question about pled facts showing Menashe's,
Monasheri's or Manshary's individual involvement, a simple keyword search of the
main body of the complaint (excluding captions and titles) shows Mr. Menashe
mentioned twice in Paragraph 8 (jurisdiction), twice in Paragraph 31 (owner of
XStatic), and once in Paragraph 33 (allegation he is the registrant of the ProX
website). Mr. Monasheri is mentioned twice in Paragraph 5 only (jurisdiction), and
Mr. Manshary is mentioned twice in Paragraph 7 (as an alleged owner or officer of
XStatic, and once in Paragraph 31(as an alleged Vice-President of XStatic). There
are ***zero*** facts pled about any action taken by any of them individually to infringe
Plaintiff's trademarks or engage in unfair competition against it. There are zero
facts pled to show that any of them directed others to infringe or engage in unfair

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

- 8 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT

competition. There are zero specific facts pled to demonstrate even a single instance of personal involvement in any of Plaintiff's allegations.

This is insufficient to impose personal liability. See, e.g., *19 Tao Vega LLC v. Holo Ltd., NO. C 19-5640 SBA*, 2019 U.S. Dist. LEXIS 229367, 2019 WL 8263434 at *4 (N.D. Cal. 2019) (requiring that the officer personally participate in the infringement); *Facebook, Inc. v. Power Ventures, Inc*., 844 F.3d 1058, 1069 (9th Cir. 2016) ("personal liability on the part of corporate officers ha[s] typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity."). Conclusory statements of general involvement in the company are equally unavailing to impose personal liability for trademark infringement. *Apple Hill Growers v. El Dorado Orchards*, No. 2:17-cv-02085-TLN-CKD, 2019 U.S. Dist. LEXIS 194185, 2019 WL 5827365, at *3 (E.D. Cal. 2019) (allegations containing "conclusory statement[s] that Defendants . . . undert[ook] to control and direct the infringing activities of [their company] by virtue of their roles as corporate officers and owners" are insufficient and require specific facts.)

As stated, the only allegations in the FAC relating to Menashe, Monasheri and Manshary personally are that they are the "owner, shareholder, officer and/or director" of their respective companies and held specific management positions. FAC ¶¶ 4-5, 7-8, 31. Nowhere in the FAC are there any facts showing how, when, or where any of them took any affirmative action *themselves* to violate the trademarks of Plaintiff or cause their company to violate them. There are no facts alleged that any of them even had any personal knowledge of the alleged infringements. Plaintiff further makes no factual allegations, conclusory or otherwise, that any of these individuals directed, managed, or supervised agents or employees to engage in trademark infringement by any means.

Accordingly, the trademark infringement, unfair competition, and false designation of origin claims (second through sixth causes of action) must be dismissed against Menashe, Monasheri, and Manshary.[4]

**D. The FAC Fails to Support a Claim of Personal Liability for Unfair Competition Against Defendants.**

The FAC also alleges a federal unfair competition claim under the Lanham Act, (15 U.S.C. § 1125(a)) and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, et. seq. These claims also arise from the same set of alleged facts as the trademark infringement and false designation of origin causes of action.

California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practices." Cal. Bus. & Prof. Code §17200, et. seq. To prevail on a UCL claim, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (4th Dist. 2008). In the context of section 17200, "unfair...means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly

---

[4] The above analysis also requires dismissal of the fourth cause of action for false designation of origin, 15 U.S.C. § 1125(a), and sixth cause of action for state common law trademark infringement, each of which rests on the same set of factual allegations as the federal trademark infringement claim – and lack thereof with regard to a basis for personal liability. "A claim for false designation of origin…under the Lanham Act requires proof of the same elements as a claim for trademark infringement." *Dunham v. Lei*, 2021 U.S. Dist. LEXIS 195571, at *12 (C.D. Cal. June 7, 2021), citing *Brookfield Commcn's, Inc. v. W. Coast Entm't Corp.*, 174 3d 1036, 1046 n. 6 (9th Cir. 1999), and personal liability of a corporate owner or officer for the claim requires personal participation in the infringing activity, indeed, that he was the "moving force" behind it. *Id.* at *8. *Grupo Gigante S.A. die C.V. v. Dallo & Co.*, 391 F. 3d 1088, 1100 (9th Cir. 2004) ("As a general matter, trademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis.")

threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 187 (1999); *Agency Y Llc v. Dfo Global Performance Commerce,* 2021 U.S. Dist. LEXIS 190357, at **22-23 (C.D. Cal. Aug. 4, 2021, No. SACV 20-1716 JVS (KESx)). (Service mark holder's unfair competition claim based on the unfairness prong was dismissed where the complaint failed to specifically explicate what public policy the defendant violated through its allegedly unfair actions.)

Trademark infringement and unfair competition claims are co-terminus, and the standard for personal liability under either is the same. See *New West Corp. v. NYM Co. of California, Inc*., 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical—is there a 'likelihood of confusion?'"); see also *Two Pesos, Inc. v. Taco Cabana, Inc.* (1992) 505 U.S. 763, 780-81. And the central inquiry under California state law is also "likelihood of confusion." See *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) ("California statutory trademark infringement is proved if anyone uses a mark that is identical with, or substantially indistinguishable from, a mark registered in the state, on or in connection with goods or services for which the genuine mark is registered."); *Walter v. Mattel*, 210 F.3d 1108, 1111 (9th Cir. 2000). "[T]he tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same." *Grey v. Campbell Soup Co.,* 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) However, unfair competition claims are restricted to violations of law, not violations of a contract. *Saunders v. Super. Ct*., 27 Cal.App.4th 832, 838-839 (2d Dist. 1994.)

Similar to trademark, under both the Lanham Act and UCL, an officer or director of a corporation can be personally liable for its unfair business practices

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

- 11 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT

only if he personally participated in the alleged acts; he cannot be held liable solely because of his position. See *Accuimage Diagnostics Corp. v. Terarecon, Inc.,* 260, F.2d 941, 950 (N.D. Cal. 2003) (dismissing federal unfair competition claim against corporate officer and director for lack of specific allegations that he authorized, directed or personally participated in the alleged misconduct, stating that "mere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other "unreasonable participation" in the unlawful conduct by the individual.") (citation omitted); *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1379, quoting *United States Liab.Ins. Co. v. Haidinger-Hayes, Inc.* 1 Cal. 3d 586 (1970) ("Directors or officers of a corporation do not incur ***personal liability*** for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done.") (emphasis in original); see also *Emery v. Visa Internat. Service Assn.*, 95 Cal. App. 4th 952, 960 (2002); *Morfin v. Accredited Home Lenders, Inc.*, No. 09cv792-WQH-BLM, 2010 U.S. Dist. LEXIS 6831, 2010 WL 391838, *7 (S.D. Cal. Jan. 26, 2010) (dismissing § 17200 claim for failing to state sufficient facts against individual defendants, and stating that "[i]n order to satisfy the requisite pleading standards, Plaintiff must identify the allegedly wrongful acts of each Defendant.").

The unfair competition claims in the FAC are based on the same conclusory statements and missing facts underlying the trademark infringement claims. They therefore suffer from the same dearth of facts supporting a claim of personal liability against Menashe, Monasheri and Manshary as do the trademark infringement claims.  Plaintiff has alleged no specific facts to show that any of them took any affirmative steps to engage in unfair competition (i.e., the underlying alleged infringement) or that they directed anyone else at their companies to do so. The same facts that typically suffice at the pleading stage to allege personal liability

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

- 12 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT

for trademark infringement – personal direction, authorization or participation in the alleged misconduct - equally go toward supporting a claim of personal liability for unfair competition. Plaintiff has alleged *no* such facts.

As with the trademark infringement claims, the unfair competition causes of action in the FAC should therefore also be dismissed.

## III.    Conclusion

For the foregoing reasons, individual Defendants Menashe, Monasheri and Manshary respectfully move for dismissal as to each of them  the Second, Third, Fourth, Fifth and Sixth Causes of Action in the FAC variously alleging trademark infringement, false designation of origin and unfair competition under federal, state, or state common law.

DATED:  June _6, 2022                    THE ALTMAN LAW GROUP


                                         By: */s/ Bryan C. Altman*
                                             Bryan C. Altman, Esq.

                                             Attorneys for Defendants
                                             XSTATIC PRO LIGHTING dba
                                             PRO X dba. PROX dba PRO X
                                             DIRECT dba PROX DIRECT dba PRO
                                             X CASES dba PROX CASES; GIBOR
                                             USA dba GIBOR MENA; SAM
                                             MANSHARY; PEDRAM
                                             MONASHERI aka PEDRAM
                                             GABRIEL MONASHERI aka
                                             GABRIEL MENASHE aka GABI
                                             MENASHE aka GABRIEL MENA aka
                                             GABI MENA aka GIBOR MENA

DATED:  June _6, 2022                    LAW OFFICES OF WILLIAM I.
                                         ROTHBARD


                                         By: */s/ William I. Rothbard*
                                             William I. Rothbard, Esq.
                                             Attorney for Defendants
                                             XSTATIC PRO INC. dba
                                             XSTATIC PRO LIGHTING dba
                                             PRO X dba. PROX dba PRO X
                                             DIRECT dba PROX DIRECT dba PRO
                                             X CASES dba PROX CASES; GIBOR
                                             USA dba GIBOR MENA; SAM
                                             MANSHARY; PEDRAM
                                             MONASHERI aka PEDRAM
                                             GABRIEL MONASHERI aka
                                             GABRIEL MENASHE aka GABI
                                             MENASHE aka GABRIEL MENA aka
                                             GABI MENA aka GIBOR MENA

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

- 14 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT