| | |
|---|---|
| 1 | BRYAN C. ALTMAN, ESQ. (SBN 122976) |
| 2 | E-mail: bryan@altmanlawgroup.net<br>**THE ALTMAN LAW GROUP** |
| 3 | 10250 Constellation Blvd., Suite 2500<br>Los Angeles, CA 90067 |
| 4 | Tel: (310) 277-8481<br>Fax: (310) 277-8483 |
| 5 | WILLIAM I. ROTHBARD, ESQ. (SBN 72447) |
| 6 | E-mail: bill@rothbardlaw.com<br>**LAW OFFICES OF WILLIAM I. ROTHBARD** |
| 7 | 2708 Wilshire Blvd., Suite 428<br>Santa Monica, CA 90403 |
| 8 | Tel: (310) 453-8713 |

Attorneys for Defendants
XSTATIC PRO INC. dba
XSTATIC PRO LIGHTING dba
PRO X dba. PROX dba PRO X DIRECT dba
PROX DIRECT dba PRO X CASES dba PROX CASES;
GIBOR USA dba GIBOR MENA; VIP AUDIO INC.
SAM MANSHARY; PEDRAM MONASHERI aka PEDRAM GABRIEL MONASHERI aka GABRIEL MENASHE aka GABI MENASHE aka GABRIEL MENA aka GABI MENA aka GIBOR MENA; MICHAEL MONASHERI aka MANSOUR MICHAEL MONASHERI, a.k.a. MIKE MONASHERI, a.k.a. MICHAEL M. MONASHERI, a.k.a. MICHAEL MOHABER, a.k.a. MIKE MOHABER, a.k.a. MICHAEL M. MONSHERI, a.k.a. MANSOUR R. MONASHERI, a.k.a. MANSOUR MONSHERI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIAO & MONTANO, INC., a California corporation doing business as ODYSSEY INNOVATIVE DESIGNS,<br><br>Plaintiff,<br><br>v.<br><br>XSTATIC PRO INC., a New York corporation doing business as XSTATIC PRO LIGHTING doing business as PRO X doing business as PROX doing business as PRO X | Case No. 2:21-CV-05430<br><br>Honorable Michael W. Fitzgerald<br>Magistrate Charles F. Eick<br><br>**DEFENDANTS GABRIEL MENASHE'S, MICHAEL MONASHERI'S AND SAM MANSHARY'S REPLY MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO** |

THE ALTMAN LAW
GROUP
&
ROTHBARD LAW

CASE NO: 2:21-CV-05430
DEFENDANTS' RULE 12(B)6
MOTION TO DISMISS

| | |
|---|---|
| DIRECT doing business as PROX DIRECT doing business as PRO X CASES doing business as PROX CASES; GIBOR USA a business entity of unknown for doing business as GIBOR MENA; VIP AUDIO INC.; PEDRAM MONASHERI, an individual also known as PEDRAM GABRIEL MONASHERI also known as MICHAEL MONASHERI also known as GABRIEL MENASHE; MICHAEL MONASHERI, an individual also known as; SAM MANSHARY, an individual; GABRIEL MENASHE, an individual also known as GABI MENASHE also known as GABRIEL MENA also known as GABI MENA also known as GIBOR MENA; and DOES 1 through 10, inclusive,<br><br>Defendants. | **DISMISS TRADEMARK AND UNFAIR COMPETITION CLAIMS**<br><br>Date: July 18, 2022<br>Time: 10:00 a.m.<br>Courtroom: 5A |

## I. INTRODUCTION

Plaintiff Hsiao & Montano Inc.'s opposition to Individual Defendants Gabriel Menashe's, Sam Manshary's and Michael Monasheri's motion to dismiss ("Motion") the trademark infringement and unfair competition claims in the First Amended Complaint ("FAC") for failure to adequately plead personal liability, utterly omits to grapple with, much less refute, the on-point authorities cited in Defendants' opening brief, and mischaracterizes that authority in certain key respects, thereby misleading this Court.

On the threshold issue of timeliness of the Motion by Defendants Menashe and Manshary, Plaintiff's opposition does not even discuss *Miller v. Fuhu Inc.*, 2015 U.S. Dist. LEXIS 59514 at **13-17 (C.D. Cal. May 4, 2015), cited in the opening papers, a decision of this District on all fours with this case and squarely supporting the timeliness of the Motion by those defendants, who had previously filed an

answer to the original complaint.[1] It instead relies on non-controlling, non-persuasive, or distinguishable cases from other jurisdictions. In so doing, and despite the controlling decision of *Miller* to the contrary, it incorrectly claims this District follows other jurisdictions' different precedent. Under this District's decision in *Miller*, the Motion by Menashe and Manshary is timely.

On the main issue of the FAC's defective pleading of personal liability, Plaintiff misleads the Court, claiming that Defendants rely on "irrelevant case law," the "vast majority" of which arises in the "context of motions for summary judgment or appellate proceedings following a decision on the merits." Opp. at 8-9. Plaintiff contends the FAC satisfies "notice pleading" requirements under the standard of personal liability.

While Defendants' opening brief cited some cases in post-pleading contexts that discuss the personal liability standard applicable to corporate officers in both trademark infringement and unfair competition cases (***personal*** involvement with the misconduct, being in effect the "moving, active, conscious force" behind it), it also provided several cases, including in **this District**, holding that generalized allegations of corporate ownership or control, devoid of allegations of personal participation or authorization, fail to meet the pleading standard for a personal liability claim in both trademark infringement and unfair competition cases. *See Apple Hill Growers v. El Dorado Orchards*, 2019 U.S. Dist. LEXIS 194185 at **8-9, 2019 WL 5827365, at *3 (E.D. Cal. 2019) (trademark); *Apogee v. Sugarfina, Inc.*, 2021 U.S. Dist. LEXIS 199235 at **7-12, 2021 WL 4819715 (C.D. Cal. 2021) (trademark); *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260, F.2d 941, 950

---

[1] The timeliness issue does not pertain to Defendant Monasheri, who was added to the lawsuit by the FAC in February. Plaintiff's accusation that Defendants waited almost a year to file the Motion after answering the original complaint is also highly misleading. Defendants were ready to file the Motion this past March after Monasheri was added, but deferred while the parties spent the better part of three months negotiating (ultimately unsuccessfully) an ADR procedure for resolving the case.

(N.D. Cal. 2003) (unfair competition); *Morfin v. Accredited Home Lenders, Inc.*, 2010 U.S. Dist. LEXIS 6831 at **19-20, 2010 WL 391838 at *7 (S.D. Cal. 2010) (unfair competition), discussed *infra*. The FAC contains **not** a **single** allegation that any of the Defendants in any way personally participated in, authorized, or directed the alleged trademark infringement and unfair competition acts. Even by Plaintiff's own notice pleading yardstick, therefore, the FAC fails and the Second, Third, Fourth, Fifth and Sixth Causes of Action in the FAC, variously alleging trademark infringement, false designation of origin, and unfair competition under federal, state, or state common law, must be dismissed against the Individual Defendants.

## II. ARGUMENT

### A. A Post-Answer Motion to Dismiss an Amended Complaint is Procedurally Proper.

In their moving papers, Individual Defendants Menashe and Manshary cited direct precedent in this District for the right of a defendant who previously answered a complaint to properly file a 12(b)(6) motion to dismiss to an amended complaint. *See Miller v. Fuhu Inc., supra,* 2015 U.S. Dist. LEXIS 59514, at *13-17.

Relying on out-of-jurisdiction cases, Plaintiff contends a previously answering defendant may file a motion to dismiss an amended complaint only when the complaint contains "new matter." Opp. at 2, 7. Because it contends the FAC is not substantively different from the original as to Defendants Menashe and Manshary, it asserts they have waived their right to dismiss the FAC, rendering the Motion untimely.

This assertion fails to refute – indeed, does not even discuss – Defendants' directly applicable precedent in support of timeliness. This District, in *Miller*, affirmed defendant's right to move to dismiss on facts ***virtually identical*** to here. After defendants had answered the original complaint, the plaintiff filed an amended complaint whose "factual allegations [were] substantially similar to those

contained in the complaint." *Miller*, 2015 U.S. Dist. LEXIS 59514 at *15. Relying on the principles that failure to state a claim "'is a nonwaivable defect and can be raised at any time,'" and that "'[a]s a general rule, when a plaintiff files an amended complaint, [t]he amended complaint supercedes the original, the latter being treated as nonexistent,'" the court declined to deny defendants' motion as untimely. *Id*. at **13-14. (internal citations omitted.)

The *Miller* court distinguished a decision relied upon by plaintiff which denied a motion to dismiss an amended complaint that was materially no different from the previous one. *See Brain Life, LLC v. Elekta Inc.*, 2012 U.S. Dist. LEXIS 2312, 2012 WL 48024 (S.D. Cal. Jan. 6, 2012). In *Brain Life*, there were multiple defendants represented by different counsel, creating the possibility, the court feared, that they "could repeatedly revise their tactical approach when, fortuitously, the claims against another defendant are dismissed without prejudice and a plaintiff is granted leave to amend." *Id*., 2012 U.S. Dist. LEXIS 2312 at **6-7. In *Miller*, in contrast, the court noted "the procedural posture differed significantly. Namely, no prior motion to dismiss has been brought and defendants are ***jointly represented***; thus, there is no risk that defendants will 'repeatedly revise their tactical approach' in response to motions brought by co-defendants." *Miller*, 2015 U.S. Dist. LEXIS 59514 at *15. (emphasis added).

Defendants here are also jointly represented, eliminating the risk of pleading gamesmanship that was a key factor in the denial of the motion to dismiss the amended complaint in *Brain Life*.

Plaintiff opposes on timeliness grounds only the motion to dismiss by Defendants Menashe and Manshary. It cannot oppose the motion by Monasheri on that basis since he was added to the case by the FAC and the motion is his first responsive pleading. Judicial economy would be served by permitting Menashe and Manshary to join in Monasheri's motion to dismiss. Both the substantive

THE ALTMAN LAW GROUP & ROTHBARD LAW

- 4 -

CASE NO: 2:21-CV-05430
DEFENDANTS' DISMISSAL OF
FIRST AMENDED COMPLAINT

allegations of the trademark infringement and unfair competition causes of action in the FAC which the Motion seeks to dismiss, and the allegations pertaining to the question of personal liability which plaintiff claims are adequate and Defendants argue are decidedly not, are virtually *identical*. All Defendants are in the same position, defending against the same causes of action, and making the same arguments. To allow only one of them to make those arguments on a 12(b)(6) motion and deny the same opportunity to the other two because of a procedural technicality would be inefficient and disserve the parties' and the Court's interests in judicial economy.

The Court has both the discretion to allow Menashe and Manshary to join in Monasheri's motion to dismiss, and the directly on-point, in-District precedent of *Miller* to buttress the exercise of that discretion in Defendants' favor. Defendants Menashe and Manshary therefore respectfully urge the Court to reject Plaintiff's untimeliness argument and permit them to join in the Motion.

### B. Plaintiff's Assertion that the Motion Relies on Case Law Inapplicable at the Pleading Stage is Factually Incorrect and Should be Ignored.

To establish personal liability of a corporate owner, officer, or director for trademark infringement or unfair competition, it must be shown that the defendant personally directed, authorized, or participated in the unlawful act. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996); *see also Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) ("The officer must personally take part in infringing activities or specifically direct employees to do so."). Put another way, a corporate officer must be the "moving, active, conscious force" behind the corporation's infringement in order for personal liability to attach. *Talent Mobile Dev., Inc. v. Headios Grp.*, 382 F.Supp.3d 953, 962-963 (C.D. Cal. 2019) (quoting *Daimler AG v. A-Z Wheels LLC*, 334 F.Supp.3d 1087, 1096 (S.D. Cal. 2018)). This requires facts demonstrating "an

individual actively and knowingly caused the trademark infringement." *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, 1995 U.S. Dist. LEXIS 22676 at **17-18, 1995 WL 552168 (N.D. Cal. 1995).

Plaintiff asserts that Defendants cite no trademark infringement and unfair competition cases addressing the adequacy of pleading personal liability which are applicable to the Motion. Specifically, Plaintiff states that Defendants "…relate[] standards of review in the context of motions for summary judgment or appellate proceedings following a decision on the merits. Such standards, are completely inapplicable within the present context of a motion to dismiss…" Opp. at 9.

This assertion is flatly incorrect as it ignores *several* 12(b)6 cases cited by Defendants. For example, in their moving papers, Defendants cite *Apple Hill Growers v. El Dorado Orchards, supra,* 2019 U.S. Dist. LEXIS 194185 at **7-9, where a motion to dismiss challenged the sufficiency of allegations to name corporate officers as defendants in a trademark suit.  Granting the motion, the court provided insight regarding the level of specificity needed to adequately plead personal liability, noting: "Beyond their corporate roles for EDO and ownership of Boa Vista Wines and Boa Vista Vineyards, the Complaint provides *no facts* about specific actions taken by Defendants Brad Visman or Kandi Visman to demonstrate their *personal involvement* in the infringing conduct." *Id.* at *8. (emphasis added) Based on such, the *Apple Hill Growers* court determined plaintiff "…fail[ed] to plead facts that specifically tie [d]efendants Bran and Kandi Visman to the infringing conduct and show they knowingly and substantially participated in such conduct… For these reasons, the [c]ourt finds [p]laintiff has not stated a claim for relief against [d]efendants Brand and Kandi Visman in their individual capacities." *Id.* at *9.

*Apple Hill Growers* supports the need for close judicial scrutiny of the factual sufficiency of a personal liability claim in a trademark suit at the pleading stage, as

Defendants' urge the Court to do here. It wholly justifies, even compels, dismissal at the pleading stage of trademark infringement causes of action against corporate directors under a personal liability theory if no or insufficient facts are pled that such directors had a ***personal hand*** in the alleged infringement.

Defendants also cite a recent case in this District in their moving papers, *Apogee v. Sugarfina, Inc.*, 2021 U.S. Dist. LEXIS 199235 at **7-13, 2021 WL 4819715 (C.D. Cal. 2021), which also involved a 12(b)(6) motion to dismiss corporate officers from a trademark suit on grounds the complaint failed to contain specific enough factual allegations to sustain a claim of personal liability. Agreeing with its neighboring Eastern District's decision in *Apple Hill Growers*, this District, under *Apogee*, similarly requires specific factual allegations of direct ***personal participation or authorization*** in the alleged infringing acts of a corporation to maintain a claim of personal liability against its owners, officers or directors. While the court in *Apogee* denied the individual defendants' motion to dismiss upon concluding the complaint had sufficiently pled facts of personal involvement with the alleged infringement,[2] it establishes that in this District, to survive a 12(b)(6) motion by officers of a corporate defendant in a trademark action, the plaintiff must plead facts tying the officer ***personally*** to the alleged misconduct. *Id.* at **10-12. Generalized, barebones allegations of corporate ownership and control are simply not enough to defeat a motion to dismiss.

---

[2] The court wrote: "Unlike the plaintiff in *Apple Hill Growers*, here, Plaintiff offers sufficient facts to support Individual Defendants' personal involvement in the alleged infringement without relying solely on their roles as co-CEOs of Sugarfina….Because Individual Defendants allegedly hired personnel, participated in team meetings with personnel, and continue to handle design work or manage daily operations, it is plausible that the Individual Defendants could have been the 'guiding spirits' behind the allegedly infringing conduct, either by personally taking part in it or directing their employees to do so. The SAC alleges specified roles that go beyond asserting that Individual Defendants only had general control over *Sugarfina*, and it is therefore sufficient to survive a motion to dismiss." *Id.*,*11-12.

As shown in Defendants' moving papers, the standard of personal liability for an unfair competition claim is the same as for trademark infringement: personal complicity. A corporate officer cannot be held liable *solely* because of his position. See *Accuimage Diagnostics Corp. v. Terarecon, Inc., supra,* 260, F.2d at 950 (dismissing federal unfair competition claim against corporate officer and director for lacking specific allegations he authorized, directed, or personally participated in the alleged misconduct, stating" mere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other "unreasonable participation" in the unlawful conduct by the individual.") (citation omitted); *Morfin v. Accredited Home Lenders, Inc.*, 2010 U.S. Dist. LEXIS 6831 at *19-20, 2010 WL 391838, *7 (S.D. Cal. 2010) (dismissing § 17200 claim for failing to state sufficient facts against individual defendants and stating that "[i]n order to satisfy the requisite pleading standards, Plaintiff must identify the allegedly wrongful acts of each Defendant."). Contrary to Plaintiff's misrepresentation that Defendants cite no (12)(b)(6) cases, *Accuimage Diagnostics* and *Morfin* both involved dismissals of corporate officers at the pleading stage for failure to adequately allege facts of personal liability, and thus are directly applicable to Defendants' motion to dismiss the unfair competition claim in the FAC.

In contrast, *Cree, Inc. v. Tarr Inc.*, 2017 U.S. Dist. LEXIS 119008 at **20-24, 2017 WL 3219974 at *3 (S.D. Cal. 2017), a case relied on by Plaintiff to counter the several 12(b)(6) decisions supporting Defendants, is inapposite. The complaint there relied on an *alter ego* theory of liability of a corporate officer for the alleged trademark infringement and unfair competition of his company, *not* on a theory of personal liability. The theories are distinct and not interchangeable. The court granted defendants' motion to dismiss the alter ego claim, finding it to have been insufficiently pled. *Cree* is therefore the truly "irrelevant law."

### C. The FAC Fails to Allege Any Facts Supporting the Personal Liability of Defendants.

None of the FAC's allegations relating to Defendants listed at pages 12-13 of the Opposition as purportedly adequately stating claims of trademark infringement and unfair competition against Defendants comes close to the particularized pleading standard for personal liability applied in this District in *Apogee*, in the Eastern District of California in *Apple Hill Growers*, in the Northern District of California in *Accuimage*, and in the Southern District of California in *Morfin*. They consist solely of generalized allegations that Defendants are an owner, officer or director of one or the other of Corporate Defendants and own and operate the websites of the Corporate Defendants. Under the above authorities, these allegations fail because they are based solely on Defendants' corporate positions and not on their personal involvement in the alleged acts of trademark infringement and unfair competition. Unlike the complaint that survived a motion to dismiss in *Apogee*, there is not a single fact pled in the FAC that any of the Defendants authorized, directed or personally participated in the alleged unlawful acts. There is no allegation any of them is the sole owner or employee of any corporate defendant, such that they are the only ones who operated the companies' websites and who therefore could have committed the alleged unlawful acts.[3] Absent more particularized allegations of personal involvement and complicity, the trademark

---

[3] To the extent the statement in the Opposition that the "The FAC identifies Defendants **Pedram, Mansour,** and **Manshary** as the sole owners/officers/directors" of the corporate defendants is meant to suggest or implies that any Defendant was the "sole" owner, officer or director of any particular corporate defendant, it is misleading. Opp. at 12. (emphasis in original) The FAC only alleges that each of the Defendants is *"an"* owner, officer or director, not the sole owner, officer or director. FAC ¶¶ 4-5, 7-8. (emphasis added)

infringement and unfair causes of action in the FAC fail to state a claim against the Defendants and must be dismissed as to them.

While it is correct, as Plaintiff asserts, that the Court is to take its allegations as true and interpret them in the light most favorable to it, it can only interpret them in a favorable light **if there is enough specificity within them to do so**. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015) (complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."). Here, as in *Apple Hill Growers*, that specificity is clearly lacking. As shown above, and under the authority of this District (*Apogee*) which is consistent with decisions in every other federal district in California, the FAC alleges insufficient facts – indeed ***no facts*** – to meet the pleading standard for a claim of personal liability against a corporate officer in either a trademark infringement or unfair competition case.

### III. CONCLUSION

For the foregoing reasons, Individual Defendants respectfully move for dismissal, as to each of them, of the Second, Third, Fourth, Fifth and Sixth Causes of Action in the FAC variously alleging trademark infringement, false designation of origin and unfair competition under federal, state, or common law.

| | |
|---|---|
| DATED: July 1, 2022 | THE ALTMAN LAW GROUP<br><br>By: */s/ Bryan Altman*<br>    Bryan C. Altman, Esq.<br><br>LAW OFFICES OF WILLIAM I. ROTHBARD<br><br>By: */s/ William I. Rothbard*<br>    William I. Rothbard, Esq.<br><br>Attorneys for Defendants XSTATIC PRO LIGHTING dba PRO X dba. PROX dba PRO X DIRECT dba PROX DIRECT dba PRO X CASES dba PROX CASES; GIBOR USA dba GIBOR MENA; VIP AUDIO INC.; SAM MANSHARY; PEDRAM MONASHERI aka PEDRAM GABRIEL MONASHERI aka GABRIEL MENASHE aka GABI MENASHE aka GABRIEL MENA aka GABI MENA aka GIBOR MENA |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2022, I electronically filed the foregoing **DEFENDANTS GABRIEL MENASHE'S, MICHAEL MONASHERI'S AND SAM MANSHARY'S REPLY MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS TRADEMARK AND UNFAIR COMPETITION CLAIMS** using the CM/ECF system, and also caused a copy of the foregoing to be served via electronic mail on all parties and counsel.

All parties' and/or their counsel are registered CM/ECF users and will be served by the CM/ECF system.

/s/ William I. Rothbard
William I. Rothbard, Esq